IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98CV369-MU
(3:92CR153-P)

| | |
|---|---|
| D'ANDRE TORRES,        )<br>    Petitioner,       )<br>                     )<br>   v.               )<br>                     )<br>UNITED STATES OF AMERICA,)<br>    Respondent.         )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on the petitioner's "Motion To Vacate Judgment Pursuant [T]o Federal Rule [O]f Civil Procedure 60(b)(b)," filed January 8, 2007.

As was noted in the Court's Order of February 18, 2004 (by which the Court addressed the petitioner's first Rule 60(b) Motion) on August 1, 1995, a jury convicted the petitioner of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§841(a)(1) and 846. Subsequently, this Court sentenced the petitioner to a term of 360 months incarceration. The petitioner subsequently appealed his case to the Fourth Circuit Court of Appeals. However, in an unpublished decision, the Court of appeals affirmed the petitioner's conviction and sentence. See United States v. Torres, No. 95-5642, slip op. at 1 (4th Cir. May 19, 1997). The petitioner did not

file a petition for rehearing, nor did he seek <u>certiorari</u> review in the U.S. Supreme Court.

Rather, on August 16, 1998, the petitioner filed a Motion to Vacate under 28 U.S.C. §2255, essentially claiming that he had been subjected to ineffective assistance of counsel and to other defects which rendered his conviction unconstitutional. However, when this Court conducted its initial review of said Motion to Vacate it concluded, based upon legal precedent which then was controlling, that the Motion had been filed outside the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996. Accordingly, by Order filed September 8, 1998, the petitioner's Motion to Vacate was summarily dismissed as untimely filed.

Again, the petitioner filed an appeal with the Fourth Circuit Court of Appeals. <u>See</u> <u>United States v. Torres</u>, 211 F.3d 836 (4th Cir. 2000). On appeal, the Fourth Circuit agreed that since the petitioner had not filed a petition for a writ of <u>certiorari</u> seeking review of his criminal case, he was not entitled to have the one-year limitations period extended by the 90-day period during which he could have filed, but did not file, a <u>certiorari</u> petition. Thus, the Court of Appeals concluded that the petitioner's August 16, 1998 Motion to Vacate, in fact, was untimely filed.

However, three years later, the U.S. Supreme Court took up the

issue of when a petitioner is entitled to have his one-year limitations period tolled in Clay v. United States, 537 U.S. 522 (2003). In Clay, the U.S. Supreme Court announced that petitioners who bring motions under §2255 are entitled to have their one-year deadlines extended by the subject 90-day filing period whether or not they sought certiorari review with the Supreme Court.

Accordingly, after the Clay decision was announced, the petitioner filed a Motion at the Court of Appeals, asking that Court to recall its mandate by which it affirmed this Court's dismissal of his Motion to Vacate. Not surprisingly, however, by Order filed October 9, 2003, the Court of Appeals denied the petitioner's motion to recall, noting that such motion had failed to present "extraordinary circumstances warranting such relief." As support for its decision, the Court of Appeals cited to Calderon v. Thompson, 523 U.S. 538, 549-60 (1998) (reversing the Ninth Circuit's recall of its prior denial of a Petition for Habeas relief under 28 U.S.C. §2254 on the ground that the petitioner, ultimately, had failed to demonstrate actual innocence of the charges).

Next, on January 14, 2004, the petitioner came back to this Court and filed a Motion pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, seeking to have this Court vacate its prior judgment, on the theory that the "prior judgment upon which

[the dismissal of his Motion to Vacate was] based has been reversed or otherwise vacated." After carefully considering the petitioner's arguments, by an Order filed February 13, 2004, the undersigned denied that Motion. More particularly, this Court concluded that Rule 60(b)(5)--which allows a district court to grant a movant relief from its judgment when a prior judgment upon which the challenged judgment is based has been reversed or vacated--was inapplicable because no prior judgment underlying the Court's 1998 Judgment had been reversed or vacated. (See this file, document # 13).

Once again, the petitioner appealed to the Fourth Circuit Court of Appeals. Nevertheless, by its Order of June 21, 2004, the appellate Court denied the petitioner's request for a certificate of appealability and dismissed his appeal. See United States v. Torres, No. 04-6529, slip op. at 2 (4th Cir. June 21, 2004). Thereafter, on September 8, 2004, the Circuit Court denied the petitioner's Petition for Rehearing and issued its mandate. Similarly, on December 9, 2004, the petitioner's Petition for a Writ of Certiorari was denied by the U.S. Supreme Court. Notably, the Supreme Court denied the petitioner's petition even in the face of its 2003 ruling in the Clay case.

Now, the petitioner has returned to this Court with his second Rule 60(b) Motion, this time under subsection (b)(6), asking the Court to Vacate its September 8, 1998 by which it

4

dismissed the petitioner's Motion to Vacate. However, inasmuch as that Order has been affirmed on appeal, and the U.S. Supreme Court even has refused to review the appellate Court's decision, the Court will deny this second Rule 60(b) Motion.

Indeed, the petitioner has presented no "extraordinary circumstances" which could overcome the general presumption against vacatur. <u>See</u> <u>Neumann v. Prudential Ins. Co of America</u>, 398 F.Supp.2d 489, 492 (E.D. Va. 2005). Rather, as this Court sees it, the petitioner's sole remedy is under 28 U.S.C. §2244(3)(A) (by which petitioners can seek authorization from circuit courts to file successive motions to vacate), not under any of the provisions outlined in Rule 60(b). Consequently, the petitioner's Motion will be **DENIED**.

**SO ORDERED.**

Signed: March 27, 2007

Graham C. Mullen
United States District Judge